# Candice A. Pluch[...]

*Attorney At Law*
MEMBER N.J. & N.Y. BAR

Fax [...]
Email: [...]

November 8, 20[...]

By ECF
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

---

**Endorsement (stamped on page):**

The Court will not stay discovery in this matter but will, in light of the settlement reached in principle between Plaintiff and the United States, allow one final extension of discovery. The parties shall file, by 5:00 p.m. on November 19, 2021, a proposed Fourth Amended Civil Case Discovery Plan and Scheduling Order for the Court's approval. No further extensions will be granted.

Plaintiff and the United States shall file their proposed settlement with the Court by 5:00 p.m. on December 17, 2021.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 69.

SO ORDERED.

_/s/ Philip M. Halpern_
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        November 17, 2021

---

Re: Glover v. United States of America and St. Luke's Cornwall Hospital
    Docket No. 18 Civ. 10504 (PMH) (PED)

Honorable Sir:

The undersigned represents the interests of the Plaintiff in connection with the above captioned matter. Plaintiff respectfully submits this letter motion to the Court seeking the following relief: a) an Order granting a stay of all discovery deadlines; b) an Order pursuant to 28 U.S.C. § 1447 (c) remanding all remaining claims arising under state law to state court and c) an Order pursuant to Fed.R.Civ. P. 21 granting an Order severing the state court claims from the federal court claims in furtherance of promoting efficiency and judicial economy pending finalization of the specific terms of settlement agreement with the defendant United States of America.

The within lawsuit involves allegations of medical malpractice and deviations of standards of care which occurred during the labor and delivery of the plaintiff's infant son. It is alleged that as a result of the negligence and malpractice, the infant plaintiff has sustained serious and permanent injuries, including Erb's palsy.

Plaintiff asserted claims that the Defendant USA was negligent in that the attending obstetrician (employed by a federally funded clinic) had departed from good and accepted standards of care in failing to deliver the infant by timely cesarean section. These claims have now been resolved by settlement.

Hon. Philip Halpern
November 9, 2021
Page 2

In addition, the Plaintiff has maintained that the co-defendant Hospital was negligent in that the assigned labor and delivery nurse failed to recognize and take action in the face of obvious fetal distress, and failed to timely notify the attending physician or the nursing supervisor that surgical intervention was warranted, amongst other claims. It is alleged that the deviations from standard of care on the part of the Hospital/nurse was a substantial factor in causing the delay in delivery and the resulting damages and injuries to the infant plaintiff. To date, Plaintiff and St. Luke's Cornwall Hospital have not engaged in any meaningful settlement discussions.

As the Court was advised via the joint letter submitted by the US Attorney's office on October 29, 2021 (*See, Dkt.68*), all claims against the United States have been resolved by settlement which was accomplished at the settlement conference before Magistrate Judge Davison held on October 26, 2021. (*See,* minute entry of October 26, 2021). At this time, although the plaintiff and the Government are involved in working out the details of the settlement for the infant plaintiff, for all intents and purposes, the jurisdiction conferring defendant is no longer a party to the case. The only remaining claims, as asserted against co-defendant St. Luke's Cornwall Hospital, also sounding in medical malpractice, arise under color of state law. Plaintiff is prepared to proceed with all claims as against the Defendant Hospital.

As the Court is well aware, although the settlement agreement with the United States is concrete, there are still many details that need to be arranged with professional help in that the infant plaintiff is only now 6 years old and his future financial needs must be addressed. For this reason, Plaintiff again joins in the request of the Government seeking a stay of discovery deadlines. *(See, Dkt. 68)* so as to permit time to work out the most beneficial terms of the settlement and also to address the additional issues submitted in the instant letter motion.

At this time, all fact discovery has been completed and per the Court's prior Order expert disclosure must be completed on or before January 21, 2022 with Plaintiff's expert disclosure being due on November 19, 2021 *(See Dkts.60, 62)*. Granting a stay of expert disclosure would not prejudice either party, whereas if there is no stay in place, this would definitely provide a tactical advantage to the Defendant Hospital.

The Plaintiff now requests that this Court exercise its discretion to decline jurisdiction over the remaining surviving state-based claims against the Hospital and remand the matter to state Court as pursuant as the Federal agency conferring jurisdiction has now essentially dropped out of the case and only state law issues remain in the litigation. As there is no federal based question involved in the remaining litigation, and both parties are residents of Newburgh New York, it is submitted that Supreme Court in Orange County would be the appropriate venue.

Hon. Philip Halpern
November 9, 2021
Page 3

It is well established that a District Court may remand a case to state Court if at any time before final judgment, it appears that the District Court lacks subject matter jurisdiction. *Foy v. Pratt & Whitney Group,* 127 F. 3d 229 (2d. Cir., 1997). Further, per statutory guidelines, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447 (c).

As pursuant to 28 U.S.C. § 1367 (c), this Court is granted discretion to decline to exercise supplemental jurisdiction when values of judicial economy, convenience, fairness and comity weigh in favor of remand to state Court. *Grimes v. AT&T Corp.,* 2018 WL 3954853, citing *City of Chi. V. Intl Coll. of Surgeons,* 522 U.S. 156 (1997). Therefore, it is respectfully requested that the Court exercise its discretion to decline jurisdiction over the supplemental claims against the Defendant Hospital whereby the federal agency conferring jurisdiction has dropped out of the litigation.

Further, for the reasons cited above, it is respectfully requested that the Court sever the action as against the Defendant Hospital as pursuant to Fed. R. Civ. P 21 which would in essence obviate the inquiry as to whether or not this Court retains jurisdiction over the state defendant. It is well settled that per FRCP 21, this Court has broad discretion to sever claims and parties in the furtherance of justice and in avoiding prejudice to the rights of any party. *In Re Merrill Lynch & Co, Inc.* 214 FRD 152 (S.D.N.Y., 2003). It is respectfully requested that the claims still pending be severed in the furtherance of justice and efficiency so that any time that it may take to finalize the settlement with the United States does not hinder or delay the progress of the claims against the Hospital.

Based upon the foregoing, it is respectfully requested that the instant application be granted in its entirety. The Court's attention and consideration is greatly appreciated.

Respectfully submitted,

CANDICE A. PLUCHINO

cc: by ECF

Danielle Levine, Esq.
US Attorney for the SDNY

Kristen Doyle, Esq.
Regenbaum, Arciero McMillan & Burgess, P.C.