UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

WHITNEY GLOVER, as mother and natural guardian of N▇▇▇ S▇▇▇▇,

                        Plaintiff(s)

      -against-

UNITED STATES OF AMERICA, and
ST. LUKE'S CORNWALL HOSPITAL,

                        Defendant(s).

---

    Civil Action No.
18 Civ. 10504 (PMH)

**INFANT COMPROMISE ORDER**

      WHITNEY GLOVER, as Mother and Natural Guardian of N▇▇▇ S▇▇▇▇, an infant, and Individually, having filed a Petition, verified the 17th day of December, 2021; in which an application was made to the United States District Court for the Southern District of New York, for an Order approving the settlement of the action for the infant's pain and suffering and medical expenses against the Defendant, UNITED STATES OF AMERICA ("UNITED STATES") only, with a total cost to the Defendant of ONE MILLION and 00/100 DOLLARS ($1,000,000.00) ("Total Settlement Cost"); for all causes of action as against the Defendant ST. LUKE'S CORNWALL HOSPITAL to remain and to continue; for approval of the structured settlement; to approve and fix attorney's fees in the sum of $250,000.00 and reimbursement of disbursements in the sum of $15,506.60; and for such other and further relief as the Court deems just and proper under the circumstances; and

**WHEREAS,** the Plaintiff and the UNITED STATES seek judicial approval for a structured settlement and to settle this action for the sums set forth in paragraphs 5 and 6 below; and

**WHEREAS,** the Plaintiff and the UNITED STATES seek judicial approval to deposit a portion of the settlement funds, to wit the sum of $34,493.40, into a bank account in the name of WHITNEY GLOVER and an officer of the Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550, in an account yielding the highest rate of interest available as provided for hereinafter to the credit of and for the sole benefit and use of the infant plaintiff; and

**WHEREAS,** it is the intention of the Plaintiff hereto to comply with all of the requirements of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended relating to a structured settlement; and

**WHEREAS,** Plaintiff has been advised to obtain independent professional advice relating to the legal, tax and financial implications of the settlement herein and has received all information as required by Section 5-1702 of the General Obligations Law including the amounts and due dates of the periodic payments to be made, the amount of the premium payable to the annuity issuer; the nature and amount of any cost that may be deducted from any periodic payments, and the prohibitions against transfer of the periodic payments; and

**WHEREAS,** the Court having obtained jurisdiction of all necessary and proper parties to the proceedings; and

**WHEREAS,** Whitney Glover, as Mother and Natural Guardian, having duly executed a Waiver & Consent on the 17th day of December, 2021; and

**WHEREAS,** it appearing further that the Plaintiff is willing to accept the settlement from

the Defendant UNITED STATES and the Defendant UNITED STATES is willing to pay the Total Settlement Cost as directed by an order of this Court; and

**WHEREAS**, Plaintiff will continue Plaintiff's causes of action as against the Defendant ST. LUKE'S CORNWALL HOSPITAL; and

**WHEREAS,** the Plaintiff and Defendant, UNITED STATES, agreed to settle this matter for future periodic payments and up-front cash at a Total Settlement Cost to UNITED STATES of the sum of ONE MILLION and 00/100 DOLLARS ($1,000,000.00); and

**WHEREAS,** the Total Settlement Cost is comprised of up-front money totaling $300,000.00 to be paid in an up-front cash payment, plus an additional $700,000.00 to be paid by Defendant UNITED STATES to fund the purchase of an annuity contract that will make the periodic payments set forth below to N█████ S█████ ("Payee"):

### Annuity Insurer: Metropolitan Tower Life Insurance Company

### Benefit Description

**Life with Period Certain Annuity**:   $1,735.34 payable monthly for life, guaranteed for 40 years, beginning on ███/2033 at age 18, with the last guaranteed payment on ███/2073 at age 57;

**Guaranteed Lump Sum**:   $25,000.00 paid on ███/2033 at age 18;

**Guaranteed Lump Sum**:   $25,000.00 paid on ███/2036 at age 21;

**Guaranteed Lump Sum**:   $25,000.00 paid on ███/2041 at age 26;

**Guaranteed Lump Sum**:   $100,000.00 paid on ███/2047 at age 32;

**Guaranteed Lump Sum**:   $200,000.00 paid on ███/2055 at age 40.

**SUMMARY INFORMATION**
**TOTAL ANNUITY COST – $700,000.00**
**TOTAL GUARANTEED PAYMENTS: $1,207,963.20**
**TOTAL EXPECTED BENEFITS: $1,652,210.24; and**

**STRUCTURED SETTLEMENT PAYOUT**

**WHEREAS,** it is expected that N̅ S̅ will receive a total settlement payout of $1,686,703.64, consisting of the up-front money totaling $34,493.40 plus future periodic payments with an expected benefit totaling $1,652,210.24 (all of which are set forth in paragraphs below); and

**WHEREAS,** $1,207,963.20 of the above total future periodic payments are guaranteed payments (i.e., payments that are payable regardless of whether N̅ S̅ is alive); and

**THE ANNUITY ISSUER**

**WHEREAS,** the Defendant UNITED STATES proposes to purchase an annuity contract from Metropolitan Tower Life Insurance Company which is rated A+ by A.M. Best (or if said annuity company cannot issue said annuity at the time the annuity needs to be purchased, from an alternative annuity company rated A+ or better) (the "Annuity Issuer") and licensed to do business in the State of New York; and

**THE BANK ACCOUNT**

**WHEREAS**, a portion of the settlement funds in the amount of THIRTY- FOUR THOUSAND FOUR HUNDRED NINETY-THREE and 40/100 DOLLARS ($34,493.40) is to be paid and received by WHITNEY GLOVER, the mother and natural guardian of infant plaintiff, N̅ S̅ , jointly with an officer of the Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550, and said funds shall be

deposited in the above named bank in the name of the mother and natural guardian and held for the sole use and benefit of the infant in accounts paying the highest rate of interest available, subject to further Order of this Court, until the infant reaches the age of eighteen (18) years; and

**WHEREAS,** there shall be no right of withdrawal from the aforesaid bank account until the infant plaintiff's 18th birthday, except upon further Order of a Court of competent jurisdiction; and

**WHEREAS,** the aforesaid Mid-Hudson Valley Federal Credit Union shall upon the demand of N███ S███ and without further Court order, pay over to the infant plaintiff, N███ S███, when he reaches the age of eighteen (18) years, all monies being held, upon presentation of proper proof thereof to said bank; and

## THE HEARING

**WHEREAS**, the Mother and Natural Guardian and the Infant-Plaintiff and their attorney having appeared before me; and it appearing that the best interests of the Infant-Plaintiff will be served by approval of this proposed settlement; and

**WHEREAS**, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claim Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation") attached as Exhibit "A" hereto; and

**NOW THEREFORE**, on the papers and proceedings heretofore had herein, it is hereby:

1. **ORDERED**, that the claims and causes of action on behalf of the Infant-Plaintiff, N███ S███, against Defendant UNITED STATES, only, are settled for future periodic

payments and up-front cash at a Total Settlement Cost to Defendant UNITED STATES in the sum of ONE MILLION and 00/100 DOLLARS ($1,000,000.00); and it is further

2.  **ORDERED**, that the attorneys' fees to Candice A. Pluchino, Esq., for services rendered in this matter, are hereby approved pursuant to 28 U.S.C. § 2678 and New York Judiciary Law 474-a and are approved in the amount of TWO HUNDRED FIFTY THOUSAND and 00/100 DOLLARS ($250,000.00); and it is further

3.  **ORDERED,** that the reimbursable costs and expenses associated with the litigation are FIFTEEN THOUSAND FIVE HUNDRED SIX and 60/100 DOLLARS ($15,506.60), and the Court approves such costs and expenses as fair, reasonable and necessary; and it is further

4.  **ORDERED**, that out of the total settlement proceeds, THIRTY-FOUR THOUSAND FOUR HUNDRED NINETY-THREE and 40/100 DOLLARS ($34,493.40) will be paid to Whitney Glover, jointly with an officer of Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550, to be deposited into a high-interest bearing custodial bank account for the benefit of N███ S█████ until N███ S█████ reaches the age of eighteen (18); and it is further

5.  **ORDERED**, that the Plaintiff and the Defendant UNITED STATES be, and hereby are, authorized and empowered to execute a stipulation for compromise settlement and release of claims and any other documents necessary to settle this action for an up-front sum of $300,000.00 (as apportioned in paragraph 6 (A-C) below plus the sum of $700,000.00 to fund the following periodic payments to N███ S█████ ("Payee"):

**Annuity Issuer: Metropolitan Tower Life Insurance Company**

**Period Certain Annuity**:   $1,735.34 payable monthly for life, guaranteed for 40 years, beginning on ▮/2033 at age 18, with the last guaranteed payment on ▮/2073 at age 57;

    **Guaranteed Lump Sum**:   $25,000.00 paid on ▮/2033 at age 18;

    **Guaranteed Lump Sum**:   $25,000.00 paid on ▮/2036 at age 21;

    **Guaranteed Lump Sum**:   $25,000.00 paid on ▮ 2041 at age 26;

    **Guaranteed Lump Sum**:   $100,000.00 paid on ▮/2047 at age 32;

    **Guaranteed Lump Sum**:   $200,000.00 paid on ▮/2055 at age 40.

6.     **ORDERED,** that out of the Total Settlement Cost of ONE MILLION and 00/100 DOLLARS ($1,000,000.00), the sum of THREE HUNDRED THOUSAND and 00/100 DOLLARS ($300,000.00) shall be paid by Defendant UNITED STATES to the IOLTA escrow account of Plaintiff's counsel, Candice A. Pluchino, Esq., to be disbursed by counsel as follows:

    (A)     the sum of $250,000.00 payable to Candice A. Pluchino, Esq., attorney for the Plaintiff, as and for attorney's fees, which is paid pursuant to and in compliance with the 25% maximum fee allowed pursuant to 28 U.S.C. § 2678; and

    (B)     the sum of $15,506.60 payable to Candice A. Pluchino, Esq., the attorney for Plaintiff, as and for disbursements and expenditures made on behalf of the Plaintiff; and

    (C)     the sum of $34,493.40 payable to Whitney Glover, together with an officer of Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550 to be deposited into a high-interest bearing custodial bank account for the benefit of N▮ S▮ until N▮ S▮ reaches the age of eighteen (18); and it is further

7.     **ORDERED,** that out of the Total Settlement Cost of ONE MILLION and 00/100 DOLLARS ($1,000,000.00), the sum of SEVEN HUNDRED THOUSAND and 00/100

DOLLARS ($700,000.00) shall be paid by Defendant UNITED STATES to Creative Capital Inc.'s Trust Account to fund the purchase of an annuity to provide the periodic payments as set forth above for the benefit of N█████ S█████; and it is further

8.      **ORDERED**, that within five business days after the attorneys of record for the UNITED STATES receive (i) the Stipulation signed by all parties to said document; (ii) the Social Security numbers or tax identification numbers of N█████ S█████ and Plaintiff's attorneys; (iii) a copy of the birth certificate and social security card (or alternative form of identification acceptable to the United States) of N█████ S█████; (iv) this Infant Compromise Order approving the settlement on behalf of N█████ S█████, a minor; (v) a completed Payment Information Form from the Department of Health and Human Services (identifying name of bank, address of bank, city, state, and zip code of bank, routing number, account name, account number, and type of account ); and (vi) a Dismissal Order dismissing this Action as to the UNITED STATES only, with prejudice; counsel for the UNITED STATES will send a request to the appropriate agency official or component requesting that the Total Settlement Cost be paid as follows:

   a.      An electronic funds transfer in the amount of THREE HUNDRED THOUSAND and 00/100 DOLLARS ($300,000.00) made payable to Candice A. Pluchino, Esq., to be distributed pursuant to paragraph 6 (A-C) above;

   b.      For the purchase of an annuity contract, an electronic funds transfer in the amount of SEVEN HUNDRED THOUSAND and 00/100 DOLLARS ($700,000.00) to Creative Capital Inc.'s Trust Account; and it is further

9. **ORDERED**, that the Defendant UNITED STATES shall pay the Total Settlement Cost of ONE MILLION and 00/100 DOLLARS ($1,000,000.00) as outlined above, in full and final settlement of all claims and causes of action on behalf of the Infant Plaintiff, N█████ S█████, against Defendant UNITED STATES only, as soon as practicable after submission of the payment request of the Total Settlement Cost. Within five (5) business days after Creative Capital Inc. has received notice from its bank that the aforesaid sum of $700,000.00 has been deposited into said account, Creative Capital Inc. will distribute the annuity premium from said trust account as set forth in paragraph 7; and it is further

10. **ORDERED**, that in the event the cost of the annuity contract has either increased or decreased by the date of purchase, the annuity payments described above shall be adjusted upward or downward to ensure that the total cost of the annuity contract is equal to $700,000.00, and not more or less than that amount; and it is further

11. **ORDERED**, that the payment recipient of the annuity contract, Infant Plaintiff N█████ S█████, must be alive at the time of the purchase of said annuity contract. In the event of the death of N█████ S█████ prior to the purchase of said annuity contract, the entire Stipulation shall be null and void; and it is further

12. **ORDERED**, that the annuity contract being purchased pursuant to this Order will be owned solely and exclusively by Defendant UNITED STATES and will be purchased through Creative Capital Inc. from the Annuity Issuer as set forth in this Order and the Stipulation and that the Defendant UNITED STATES'S only obligation with respect to any annuity contract purchased and any annuity payments therefrom, is to purchase the annuity contract; and it is further

13. **ORDERED**, that the Defendant UNITED STATES does not guarantee or insure any of the future periodic payments and Defendant UNITED STATES is released from any and all obligations with respect to the future periodic payments upon the purchase of the Annuity Contract from the Annuity Issuer; and it is further

14. **ORDERED**, that the Annuity Issuer shall at all times have the sole obligation for making the future periodic payments, and the obligation of the Annuity Issuer to make each future periodic payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment, to the address or account designated by the party to whom the payment is required to be made under this Order and the Stipulation and that if the Annuity Issuer is notified that any check, direct deposit, or electronic funds transfer was not received, the Annuity Issuer will initiate a stop payment action and, upon confirmation that such check was not previously negotiated, direct deposit made, or electronic funds transfer deposited, shall promptly process a replacement payment; and it is further

15. **ORDERED**, that no part of the sums being paid by the Defendant UNITED STATES to provide future periodic payments as set forth in this Order may be paid directly to the Plaintiff, this Court having determined that a structured settlement is in the best interest of the Infant Plaintiff and that said periodic payments constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of §104(a)(2) of the Internal Revenue Code of 1986, as amended; and it is further

16. **ORDERED,** that this settlement and Infant Compromise Order are not, and are in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the UNITED STATES, its agents, servants, or employees; and it is further

17.     **ORDERED**, that the future periodic payments cannot be assigned, accelerated, deferred, increased or decreased by the parties, that no part of any annuity payments called for herein or any assets of the Defendant UNITED STATES are subject to execution or any legal process for any obligation in any manner, and that Plaintiff shall not have the power or right to sell, assign, mortgage, or encumber said annuity payments, or any part thereof, by assignment or otherwise and that any transfer or assignment in violation of this Order shall be null and void *ab initio*; and it is further

18.     **ORDERED**, that the Infant-Plaintiff and his guardians, heirs, executors, administrators and assigns agree to maintain with the Annuity Issuer a current mailing address, banking information, if applicable, and to notify the Annuity Issuer and Defendant UNITED STATES of the death of N▮▮▮ S▮▮▮ within 30 days of his death; and it is further

19.     **ORDERED**, that payment of the Total Settlement Cost is subject to the availability of sufficient funds in the special account for payment of community health center settlements and judgments to pay the entire Total Settlement Cost at one time, 42 U.S.C. § 233(k); and it is further

20.     **ORDERED**, that WHITNEY GLOVER, as Mother and Natural Guardian, is, directed, authorized, and empowered to execute such releases and other ancillary documents agreed upon by the parties reasonably required to effectuate the settlement; and it is further

21.     **ORDERED**, that in the event of the death of N▮▮▮ S▮▮▮, any remaining guaranteed payments shall be paid to the Estate of the infant N▮▮▮ S▮▮▮, or to any death beneficiary designated by N▮▮▮ S▮▮▮ after reaching the age of majority, provided that any such designation shall be in writing to the UNITED STATES and the annuity company; and it is further

22.     **ORDERED,** that the aforesaid depository bank, Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550, which, pursuant to this Order, receives funds jointly with the mother and natural guardian of the infant plaintiff, shall place such funds in a high yield interest-bearing bank account in the name of said guardian jointly with an officer of the bank as provided herein. No withdrawals shall be made from said account before the Infant Plaintiff reaches the age of eighteen (18) years without further order of a court of competent jurisdiction; except that, upon presentation to an officer of Mid-Hudson Valley Federal Credit Union of an invoice/receipt for the following: tutoring/academic services not covered by the school; supplies not covered by the school; therapies not covered by the school and/or any other benefits received by the infant plaintiff; extra-curricular activities; vacation cost for N███ S███ and one parent; accommodation costs for N███ S███ and a parent in the event that he undergoes surgery out of state; recreational activities for N███ S███; karate classes; summer camp; cub or boy scouts or other community based activities; a computer; and bicycle, the officer of Mid-Hudson Valley Federal Credit Union is permitted to make payment directly to vendor and/or reimburse parent for costs associated therewith. Such invoices and receipts shall be submitted on the first day of each month and shall be paid by Mid-Hudson Valley Federal Credit Union within 21 days of receipt. Any individual receipt/invoice for a withdrawal amount over $1,000.00 requires additional Court approval. Total yearly withdrawals shall not exceed $10,000.00 per calendar year without additional Court approval; the date of the maturity of the bank account shall not be extended beyond the Infant Plaintiff's eighteenth (18th) birthday and shall be continuously renewed and when no such account is available due to the Infant Plaintiff's age, the accumulated funds shall then be placed in an insured savings interest-bearing account to be held until the Infant Plaintiff reaches the age of

eighteen (18) years and makes a demand for the monies. When the Infant Plaintiff reaches the age of eighteen (18) years of age, the said depository is directed to pay over, without further court order or any other proceedings, to said Infant Plaintiff, upon prior proof of age and identification, upon demand, all of the monies in aforesaid account; and it is further

      23.    **ORDERED,** that the attorneys for Plaintiff shall serve a copy of this order upon Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550 and shall arrange for the deposit of said funds as expeditiously as is reasonably possible; and it is further

      24.    **ORDERED,** that in the event that the amount on deposit at Mid-Hudson Valley Federal Credit Union, located at 1224 Route 300, Newburgh, New York 12550 exceeds the then prevailing Federal Deposit Insurance limits, the officer-trustee of said Mid-Hudson Valley Federal Credit Union and the infant's guardian herein are directed to make an application to a court of competent jurisdiction and to notify said court so that a further designation of an additional depository may be made in order to keep the amount within federally insured limits; and it is further

      25.    **ORDERED,** that each year (or quarterly as the case may be) during the minority of the Infant Plaintiff, upon presentation to the above Bank of a duly executed income tax return or other document displaying the amount of income tax or estimated income tax due on behalf of said infant, said Bank shall provide the Infant Plaintiff's guardian(s) herein with checks made payable to the Internal Revenue Service and/or State and/or Municipal Taxing Authority to which said income tax is owed by said infant. However, said checks shall be only for the amount(s) as may be due and payable for that portion of the infant's personal income tax liability attributable to income earned on the accounts maintained pursuant to this order (including

interest and penaltiesthereon) as shown on any official bill therefor issued by the taxing authority. Said check shall identify the infant plaintiff and said infant's social security number in order to ensure that such amounts are being paid for the benefit of the said infant; and it is further

26.     **ORDERED,** that the above Bank is hereby authorized without further court order to pay out of the Infant Plaintiff's Bank account, reasonable fees for the preparation of any income tax return or estimated income tax return or accounting that may be required to be filed by or on behalf of such infant. Said fees shall not exceed TWO HUNDRED FIFTY and 00/100 DOLLARS ($250.00); and it is further

27.     **ORDERED** that, WHITNEY GLOVER, as Mother and Natural Guardian, individually, shall make any appropriate applications for letters of guardianship of the person and property of the Infant Plaintiff herein at least three (3) months prior to Infant N█████ S█████'s eighteenth birthday if it appears that he will be incapacitated upon his reaching theage of 18; and it is further

28.     **ORDERED**, that Candice A. Pluchino, Esq. is hereby authorized and empowered to execute the Stipulation and file with this Court an application for an Order dismissing this action only as against Defendant UNITED STATES in its entirety with prejudice, with each party bearing its own costs, expenses, and fees, and to continue the action on behalf of the infant as against the Defendant ST. LUKE'S CORNWALL HOSPITAL, and with the Court not retaining jurisdiction over the above-captioned action as it pertains to the UNITED STATES, and to prepare, execute and deliver any such other documents as may be necessary to accomplish settlement of these claims and collection and distribution of the funds as directed and to collect and distribute said funds as set forth herein; and it is further

29. **ORDERED**, that upon entry of an Order from this Court dismissing this action only against the UNITED STATES in its entirety with prejudice, with each party bearing its own costs, expenses and fees, and expressly not retaining jurisdiction over the Defendant, UNITED STATES OF AMERICA, Defendant UNITED STATES OF AMERICA will tender the Total Settlement Cost in accordance with the terms and conditions set forth hereinabove and in the Stipulation; and it is further

31. **ORDERED**, that upon full compliance of the terms of this Order the claims and causes of action on behalf of the Infant-Plaintiff against Defendant UNITED STATES OF AMERICA shall be discontinued with prejudice and without interest, costs or disbursements; and it is further

32. **ORDERED**, that the filing of a bond be dispensed with in accordance with the applicable provisions of the New York Civil Practice Law and Rules; and it is further

33. **ORDERED**, that this unredacted infant compromise order shall be filed under seal to restrict the viewing of the order to the parties to this action.

 **January 10, 2022**
Date

_____
HONORABLE PHILIP M. HALPERN
United States District Court Judge
Southern District of New York