UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITNEY GLOVER, as mother and natural guardian of N███ S███, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA and ST. LUKE'S CORNWALL HOSPITAL, <br><br> Defendants. | [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE <br><br> 18 Civ. 10504 (PMH) |

**WHEREAS,** on or about December 17, 2021, plaintiff Whitney Glover, as mother and natural guardian of N███ S███, a minor ("Plaintiff"), and defendant United States of America (the "United States") entered into an agreement to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions by the United States that gave rise to the above-captioned action;

**WHEREAS**, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Claims (the "Stipulation"), attached hereto as Exhibit A;

**WHEREAS,** Plaintiff and the United States (together, the "Settling Parties") entered into the Stipulation for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation;

**WHEREAS,** the Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and the United States specifically denies that it is liable to Plaintiff;

**WHEREAS**, the Stipulation requires Plaintiff to obtain an Infant's Compromise Order approving the settlement from a court of competent jurisdiction;

1

**WHEREAS**, Plaintiff has submitted a proposed Infant's Compromise Order for review and approval by this Court;

**WHEREAS**, this Court has entered the Infant's Compromise Order thereby approving the settlement herein;

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Settling Parties bear their own costs, expenses, and fees.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, following its entry of this Dismissal Order, the Court will not retain jurisdiction over the action against the United States or the Stipulation.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned action is dismissed against the United States in its entirety with prejudice.

SO ORDERED.

Dated: White Plains, New York
      **January 10, 2022**

_____
Hon. Philip M. Halpern
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITNEY GLOVER, as mother and natural guardian of N▮▮▮ S▮▮▮,

            Plaintiff,

    v.

THE UNITED STATES OF AMERICA and ST. LUKE'S CORNWALL HOSPITAL,

            Defendants.

18 Civ. 10504 (PMH)

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS

    It is hereby stipulated by and between plaintiff Whitney Glover, as mother and natural guardian of N▮▮▮ S▮▮▮, a minor ("Plaintiff") and defendant United States of America (the "United States," and together with Plaintiff, the "Settling Parties"), by and through their respective attorneys, and Creative Capital Inc. as follows:

    1.      The Settling Parties to this Stipulation for Compromise Settlement and Release of Claims (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions by the United States that gave rise to the above-captioned action (the "Action") under the terms and conditions set forth in this Stipulation.

    2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all Settling Parties for the purpose of compromising disputed claims under the

Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

    3.    The Action is hereby settled for a total cost in the amount of One Million Dollars ($1,000,000.00) (the "Settlement Amount"), which shall be paid by the United States and is comprised of (i) a cash sum as set forth below in Paragraph 4.a and (ii) the amount described below in Paragraphs 4.b & 5 to fund the purchase of an annuity contract to provide future periodic payments. Attorneys' fees payable to Candice A. Pluchino, Esq. shall be governed by Paragraph 11 of this Stipulation.

    4.    Within five business days after the attorneys of record for the United States receive (i) this Stipulation signed by all parties to said document; (ii) the Social Security numbers or tax identification numbers of N▅ S▅ and Plaintiff's attorneys; (iii) a copy of the birth certificate and social security card (or alternative form of identification acceptable to the United States) of N▅ S▅ (DOB ▅▅▅▅, 2015); (iv) an Infant Compromise Order approving the settlement on behalf of N▅ S▅, a minor; (v) a completed Payment Information Form from the Department of Health and Human Services (identifying name of bank, address of bank, city, state, and zip code of bank, routing number, account name, account number, and type of account); and (vi) a Dismissal Order, as specified in Paragraph 10.c & 10.d, dismissing this Action as to the United States with prejudice; counsel for the United States will send a request to the appropriate agency official or component requesting that the Settlement Amount be paid as follows:

    a.    An electronic funds transfer ("EFT") in the amount of Three Hundred Thousand Dollars ($300,000) (hereinafter "Upfront Cash") made payable to Candice A. Pluchino, Esq.'s Trust/IOLA account using bank routing information to be supplied by counsel for Plaintiff.

With respect to the payment of the Upfront Cash, Plaintiff stipulates and agrees that the United States will not sign an annuity application form, a uniform qualified assignment form, or any equivalent such forms, and that the United States will not pay the Upfront Cash into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiff further stipulates and agrees that the Plaintiff, the Plaintiff's attorneys, any Guardian Ad Litem, and the Plaintiff's representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 4.a precludes Plaintiff from purchasing non-qualified annuities after Plaintiff has deposited the Upfront Cash, but Plaintiff agrees not to represent to any person, entity, or agency that Plaintiff is purchasing qualified structured settlement annuities and Plaintiff agrees not to attempt to purchase such structured settlement annuities.

Plaintiff's attorneys agree to facilitate the disbursement of the Upfront Cash in accordance with the Infant Compromise Order. Plaintiff stipulates and agrees that the attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursements, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiff any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

      b. For the purchase of the annuity contract described below in Paragraph 5, an EFT in the amount of Seven Hundred Thousand Dollars ($700,000.00) (hereinafter

"Annuity Premium Amount") to Creative Capital Inc.'s Trust Account. Counsel for the United States agrees to follow up as to the status of payment if payment has not been issued within 30 days following request for same.

5. Based on the following terms and conditions, the United States will purchase the following annuity contract(s):

    a. The United States will purchase an annuity contract from Metropolitan Tower Life Insurance Company rated A+ by A.M. Best rating service (or if said annuity company cannot issue said annuity at the time the annuity needs to be purchased, an alternative company rated A+ or better by A.M. Best) to pay to N███ S███, or to an account in the name of, or for the benefit of, N███ S███, the sum of $1,735.34 payable monthly for life, guaranteed for 40 years, beginning at age 18 (on ██████ 2033), with the last guaranteed payment at age 57 (on ██████ 2073); a guaranteed lump sum payment of $25,000 paid on ██████ 2033; a guaranteed lump sum payment of $25,000 paid on ██████ 2036; a guaranteed lump sum payment of $25,000 paid on ██████, 2041; a guaranteed lump sum payment of $100,000 paid on ██████, 2047; and a guaranteed lump sum payment of $200,000 paid on ██████ 2055.

In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the annuity payments described above shall be adjusted upward or downward to ensure that the total cost of the annuity contract is equal to the Annuity Premium Amount and not more or less than that amount. The monthly annuity payments are based upon the date of birth for N███ S███ of ██████ 2015, that was provided by Plaintiff. If the date of birth is

4

otherwise, the annuity payments described above will be adjusted accordingly. In the event of the death of N███ S███, any remaining guaranteed payments shall be payable to the Estate of N███ S███, or to any death beneficiary designated by N███ S███ after reaching age of majority, provided that any such designation shall be in writing to the United States (Attention: U.S. Attorney's Office, Chief of the Civil Division, 86 Chambers Street, New York, NY 10007) and the annuity company.

    b. The annuity contract being purchased pursuant to this Paragraph 5 will be owned solely and exclusively by the United States and will be purchased through Creative Capital Inc. as specified above in Paragraphs 4.b and 5.a. The Settling Parties stipulate and agree that the United States' only obligation with respect to any annuity contract purchased pursuant to this Stipulation, and any annuity payments therefrom, is to purchase said contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The Settling Parties further stipulate and agree that the United States is released from any and all obligations with respect to an annuity contract and annuity payments upon the purchase of said contract.

    c. The Settling Parties stipulate and agree that any annuity company that issues an annuity contract shall, at all times, have the sole obligation for making all annuity payments. The obligation of an annuity company to make each annuity payment shall be discharged upon the mailing of a valid check or EFT in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the

annuity company, but the annuity company is not liable for interest during the interim.

d. The Settling Parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Plaintiff and Plaintiff's guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and that any attempt to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, shall constitute a breach of contract.

e. Plaintiff and Plaintiff's guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for N▮ S▮ and to notify the annuity company and the United States of the death of N▮ S▮ in a timely manner (Attention: U.S. Attorney's Office, Chief of the Civil Division, 86 Chambers Street, New York, NY 10007). Plaintiff and Plaintiff's guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby further agree to provide to the annuity company and the United States (Attention: U.S. Attorney's Office, Chief of the Civil Division, 86 Chambers Street, New York, NY 10007) a certified death certificate within sixty days of the death of N▮ S▮.

   f. Plaintiff and Plaintiff's guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns do hereby agree that the annuity company has the right to recoup erroneously paid annuity payments.

 6. Plaintiff and Plaintiff's guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns, and Whitney Glover, individually, hereby accept the terms and conditions of this Stipulation, including the sums set forth above in Paragraph 4 and the purchase of the annuity contract set forth above in Paragraph 5, in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of N███ S███ or damage to property, and the consequences thereof, which Plaintiff or his heirs, executors, administrators, or assigns, or Whitney Glover, individually, may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned action.

 7. Plaintiff stipulates and agrees that he is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this Action. Plaintiff stipulates and agrees that he will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including private insurance companies, Medicaid, or Medicare. Plaintiff and his heirs, executors, administrators, or assigns further stipulate and agree that, subject to the provisions of Paragraph

7

8 of this Stipulation, they shall satisfy or resolve any and all liens or claims for payment or reimbursement arising from the injuries that are the subject matter of this Action before their attorneys distribute to Plaintiff any portion of the Settlement Amount to be paid pursuant to Paragraphs 4 and 5 herein.

       8.       Plaintiff and his attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action, and have identified no such liens or claims. Plaintiff further agrees that, no later than ninety days from the date the United States has paid the Settlement Amount, his attorneys shall provide to the United States evidence that each claim or lien, if any, has been satisfied or resolved and that all lienholders and claimholders, if any, have waived and released all such liens and claims. Plaintiff and his attorneys further agree that, no later than ninety days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiff, if any, they will provide to the United States evidence that said claim or lien has been satisfied or resolved and that all lienholders and claimholders have waived and released such lien or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiff's attorney representing to counsel of record for the United States that no such liens or claims exist, or each such lien or claim, if any, has been satisfied or resolved and that all lienholders and claimholders have waived and released such lien and claim.

       9.       In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, the Plaintiff and Plaintiff's guardians, heirs, executors, administrators, and assigns hereby agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or

contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

  10. This Stipulation is specifically subject to each of the following conditions:

   a. N███ S███ must be alive at the time the annuity contract described in Paragraph 5 is purchased. In the event of the death of N███ S███ prior to the annuity contract purchase, this entire Stipulation is null and void.

   b. Plaintiff must obtain, at his expense, an infant's compromise order ("Infant Compromise Order") by a court of competent jurisdiction approving the settlement on behalf of N███ S███, a minor. The terms of any such Infant Compromise Order must be approved by the United States prior to the Infant Compromise Order being submitted to any reviewing Court and the Infant Compromise Order signed by such Court cannot be changed by the Court or Plaintiff without the prior written consent of the United States. Plaintiff agrees to obtain such Infant Compromise Order in a timely manner. Plaintiff further agrees that the United States may void this Stipulation at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such an Infant Compromise Order or any such order he obtains fails to comply with the terms and conditions of this paragraph, the entire Stipulation is null and void.

   c. Plaintiff must obtain from the United States District Court for the Southern District of New York (the "Court") an order (the "Dismissal Order") dismissing the above-captioned action against the United States with prejudice, with Plaintiff and the United States each bearing its own costs, expenses, and fees, and with the Court not retaining

9

jurisdiction over the settlement with the United States following issuance of the Infant Compromise Order and Dismissal Order. The proposed Dismissal Order shall be in the form annexed hereto as Exhibit A.

          d.      Payment of the Settlement Amount by the United States is subject to there being sufficient funds in the account established by Congress pursuant to 42 U.S.C. § 233(k) for payment of settlements and judgments of claims subject to the Federally Supported Health Centers Assistance Act of 1993 and 1995 to pay the Settlement Amount in its entirety.

      11.      The Settling Parties agree that any attorneys' fees owed by the Plaintiff in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount, as required by 28 U.S.C. § 2678. The Settling Parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement, will be paid out of the amount paid pursuant to Paragraphs 3 and 4.a, above, and not in addition thereto. The Settling Parties also agree that any fees for legal services incurred in the district court, or in any court reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid pursuant to Paragraphs 3 and 4.a, above, and not in addition thereto.

      12.      Notwithstanding anything to the contrary found elsewhere in this Stipulation, it is understood and agreed by the Settling Parties that Plaintiff specifically reserves his right to pursue an action for damages resultant from the occurrence sued upon herein against St. Luke's Cornwall Hospital. Nothing contained in this Stipulation shall be construed as a release of Plaintiff's claims against St. Luke's Cornwall Hospital. In connection therewith, it is agreed that the Plaintiff, except to the extent required by law or court order, will not provide any assistance

to St. Luke's Cornwall Hospital in any way which could or would tend to assist St. Luke's Cornwall Hospital in any claim, to the extent any claims exist, against the United States. Likewise, the United States, except to the extent required by law or court order, will not provide any assistance to St. Luke's Cornwall Hospital in any way which could or would tend to assist St. Luke's Cornwall Hospital in its defenses against Plaintiff's claims against St. Luke's Cornwall Hospital.

13. The Settling Parties agree that this Stipulation, and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

14. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

15. The Stipulation is subject to the satisfaction of all conditions set forth in the Stipulation, including but not limited to those stated in Paragraph 10. If those conditions are not satisfied, this Stipulation shall be null and void, and without force or effect.

16. The Settling Parties understand and agree that this Stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Settling Parties or their counsel that are not included herein shall be of any force or effect.

WHEREAS, the Settling Parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 17th day of December, 2021.


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Defendant United States of America*

By:  _____
     DANIELLE J. LEVINE
     Assistant United States Attorney
     86 Chambers Street, 3rd Floor
     New York, New York 10007
     Tel.  (212) 637-2689
     Fax  (212) 637-2786
     Email: danielle.levine@usdoj.gov

Executed this 17th day of December, 2021.

LAW OFFICE OF CANDICE A. PLUCHINO
*Attorney for Plaintiff*

By: _____
CANDICE A. PLUCHINO, ESQ.
22 Alpine Drive
Perrineville, NJ 08535
Telephone: 609-208-0698
E-mail: candi.pluchino@gmail.com

Executed this 17th day of December, 2021

N███ S███ A MINOR

By: ___Whm_____
Whitney Glover, as mother and natural guardian
of N███ S███ a minor

On the 17th day of December in the year 2021, before me, the undersigned, personally appeared WHITNEY GLOVER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

CANDICE A. PLUCHINO
Notary Public – State of New York
No. 02PL4907400
Qualified in Nassau County
Commission Expires 9/8/2024

14

Executed this _17th_ day of December, 2021

WHITNEY GLOVER, INDIVIDUALLY

_____
Whitney Glover, Individually

On the 17th day of December in the year 2021, before me, the undersigned, personally appeared WHITNEY GLOVER, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

CANDICE A. PLUCHINO
Notary Public – State of New York
No. 02PL4907400
Qualified in Nassau County
My Commission Expires 9/8/20_24_

15

Executed this  16th day of December, 2021.

STRUCTURED SETTLEMENT BROKERAGE COMPANY
CREATIVE CAPITAL INC. (HEREINAFTER "COMPANY")

     I, the undersigned, am one of the owners of the Company and am duly authorized to sign this Stipulation on behalf of the Company. I am also an attorney duly admitted to practice before this Court and affirm pursuant to the penalty of perjury that the Company and its employees, agents, and structured settlement annuity brokers are covered by an Errors and Omission insurance policy or equivalent insurance coverage, and will furnish to the United States a certificate or proof of insurance for such policies upon request.   By signing this Stipulation, I agree that the Company will accept the Annuity Premium Amount. I further agree that, within five business days of receipt of the Annuity Premium Amount, the Company will (1) disburse the Annuity Premium Amount to an annuity company(ies), rated at least A+ by A.M. Best rating service, for the purchase of the annuity contract(s) described above in Paragraphs 4.b and 5 of this Stipulation, and (2) provide to the parties written proof that the Annuity Premium Amount has been accepted by said annuity company(ies).

     I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

By: _____
     Martin Jacobson, Principal and General Counsel
     On behalf of the Company

Executed this __16th__ day of December, 2021.

STRUCTURED SETTLEMENT ANNUITY BROKER
RHYS ANDERSEN (HEREINAFTER "BROKER")

    I, the undersigned Broker, declare that I currently meet the minimum qualifications set forth in 28 C.F.R. § 50.24 to provide structured settlement annuity brokerage services to the United States and that I am currently covered by an Errors and Omissions insurance policy or equivalent insurance coverage, and will furnish to the United States a certificate or proof of insurance for such policies upon request. By signing this Stipulation, I agree that the application for any annuity contract and the annuity contract issued by the annuity company will comply with the terms and conditions of Paragraphs 4.b and 5 of this Stipulation.

    I declare under penalty of perjury that the foregoing is true and correct.   28 U.S.C. § 1746.

_____
Rhys Andersen, Consultant
Structured Settlement Annuity Broker

17