UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHITNEY GLOVER, as mother and natural guardian of N▪▪▪▪ S▪▪▪▪,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.

**ORDER**

18-CV-10504 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 10, 2022, this Court entered an Infant Compromise Order between Plaintiff and the United States along with an Order dismissing Plaintiff's claims against the United States with prejudice. (*See* Doc. 86; Doc. 87; Doc. 89; Doc. 90). The only remaining claims for relief in this action are now state law claims for relief against St. Luke's Cornwall Hospital ("St. Luke's"). (*See* Doc. 5; *see also* Doc. 92 at 2 ("Plaintiff's remaining claims against [St. Luke's] are viable and are asserted under New York state law.")). Plaintiff, in securing her settlement with the United States, sought "an Order pursuant to 28 U.S.C. § 1447(c) remanding" the claims against St. Luke's "to state court." (Doc. 69).

The Court, by separate Order issued on January 10, 2022, observed that the proceeding pending in the Supreme Court of the State of New York, County of Orange, was discontinued before Plaintiff filed this action independently in this Court. (Doc. 88). Accordingly, the Court directed that Plaintiff:

> file a letter, no longer than three double-spaced pages, on or before January 14, 2022: (1) explaining, with citation to authority, how this Court may remand those state law claims pressed against St. Luke's . . . in light of the fact that the state proceeding was discontinued; or (2) advising that the state law claims pressed against St. Luke's . . . should be dismissed without prejudice for lack of subject-matter jurisdiction.

(Doc. 88). Plaintiff filed a letter on January 11, 2022. (Doc. 92). That letter did not, however, explain how this Court could remand a proceeding that did not, in fact, originate from state court. This Court concludes that it cannot remand a case to state court if the proceeding was not removed from state court. *See, e.g. Terry v. Caravello*, No. 09-CV-03173, 2010 WL 148134, at *2 (E.D.N.Y. Jan. 13, 2010) ("Because this case was not 'removed' from state court, it cannot now be 'remanded.'"); *Morris v. City of Buffalo*, No. 97-CV-00134, 1999 WL 307683, at *1 (W.D.N.Y. May 6, 1999) ("Turning to the plaintiff's motion to remand, such is ill-founded for the simple reason that this case was not removed from state court; it was brought in this court in 1997.").

Federal Rule of Civil Procedure 12(h)(3) instructs that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court, therefore, dismisses the remaining claims against St. Luke's without prejudice to Plaintiff's refiling in the proper forum. *See, e.g.*, *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed."); *Kuo v. Gov't of Taiwan*, No. 17-CV-10156, 2019 WL 120725, at *2 (S.D.N.Y. Jan. 7, 2019) (explaining that, under Rule 12(h)(3), "a court must dismiss an action *sua sponte* if the court determines that it lacks subject matter jurisdiction"), *aff'd sub nom. Sheafen Kuo v. Gov't of Taiwan*, 802 F. App'x 594 (2d Cir. 2020).

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: White Plains, New York
January 12, 2022

_____
PHILIP M. HALPERN
United States District Judge